### DITMER et v STANLEY et

Ohio Appeals, 2nd Dist, Miami Co

No 332.    Decided March 6, 1935

Kerr, Kerr & Kerr, Troy, for plaintiffs in error.

John Hankins, Greenville, for defendants in error, Stanleys.

### OPINION

By THE COURT

The parties in this court stand in the same relation as in the trial court. Judgment was entered in favor of defendants Stanleys and against the plaintiffs on the allegations of misrepresentation of fact averred against the defendants Stanleys and it was further found that the failure of defendant Stanley to advance the money on the note for $457.80 secured by a mortgage in the chattels of the Ditmers was justified because of misrepresentations of the plaintiffs to the effect that their chattels were unencumbered, whereas in fact a judgment stood against Ditmer, upon which levy had been made on his chattels. The court further found that the note for $457.80, given by the Ditmers to Stanley, was not a valid obligation against the plaintiffs and ordered that the same be returned to them. To this judgment the plaintiffs excepted and error is prosecuted to this court.

The petition is extended, consisting of two causes of action, the first of which is involved and sets forth many and varied transactions between the parties. Issues were raised by answers to The First Troy National Bank & Trust, which company also cross petitioned for a judgment against

the plaintiffs in the sum of $567.87, with interest, and with a prayer for foreclosure of a chattel mortgage, which claim, represented by a note and mortgage securing the same, was held by the Bank by assignment from defendants Yantis and Roy C. Stanley.

Defendants Stanleys answered at length and defendant Anna J. Yantis answered. To the answer of the Stanleys the plaintiffs filed a reply. The defendant Anna J. Yantis was dismissed as a party to the suit. A judgment was entered in behalf of the defendant The First National Bank & Trust Co. as prayed, together with order of foreclosure on the chattel mortgage securing the note. No motion for new trial was filed by the plaintiffs with respect to the findings in behalf of the defendants to the judgments in favor of the defendants Yantis and the Bank. The proceedings in error may, therefore, be dismissed as it affects these defendants.

We have examined with care the claimed errors on the judgment, insofar as it was against the plaintiffs in error in the trial court. The transactions revealed by the bill of exceptions border very closely on bad faith toward the Ditmers. It seems obvious that the prime object of those who controlled the farm was to assure the payment of the $1500 second mortgage which was due to Yantis. This was brought about, apparently, by an arrangement between Stanley and Yantis. The notes for this amount were taken by Yantis and Stanley. It is probable that there was a division of the yield therefrom. It is probable that Beard and Stanley knew that the farm was not worth the mortgage to the Northwestern and the Yantis note. Securing the Yantis note balance of $842.00, a mortgage was taken on all the chattels of the Ditmers. This was security in addition to the lien on the farm. Ditmer was probably given to understand that the Northwestern loan would not be pressed and this is in line with the purpose to accomplish the payment of the $1500.

When Ditmers got into dire straits an offer came forward to relieve them, by the advancement of $457.80 by Stanley, which was also to be secured by a mortgage on the chattels of the Ditmers. The proceeds from this note were to be used to meet the payments due the Northwestern, taxes and interest and the amount due the loan company. It is testified by a representative of the Northwestern Life Insurance Company that, had this payment been made, the farm would not have been sold. Ditmer was given to understand that the money would be

forthcoming on the note secured by the chattel mortgage and he went home relying upon this representation.

The chattel mortgage was promptly filed in Miami County but filing in the county of the residence of the Ditmers was delayed for several weeks and when filed it was subsequent to the levy made on the dues judgment against Ditmer in Darke County.

It is urged that Stanley was justified in failing and refusing to advance the money on the chattel mortgage because Ditmer represented that he owed no one, but there was no good reason why the chattel mortgage should not have been filed in due time to make it a first and best lien on the mortgaged property. The representations of Ditmer, if made and if untrue, would not have affected the priority of lien of the chattel mortgage securing the note, had the mortgage been filed when and where good business practice required. Inasmuch as the mortgage was treated by Stanley as being a valid and binding obligation and filed by him he should not be heard to say that he was not obligated to pay the amount which it secured.

By reason of the assurance of Ditmer that Stanley would advance the money secured by the chattel mortgage, he paid $150.00, $100.00 on the dues judgment and $50.00 attorney's fees. Clearly this amount would not have been paid by Ditmer had it not been for the assurance which he received that the money would be advanced on the chattel mortgage given to Stanley, thereby relieving the Ditmers from foreclosure of the Northwestern mortgage. We are of opinion that upon the state of the record judgment could properly have been entered against Stanley for the sum of $150.00, because he was directly responsible for this loss by the Ditmers. This amount was paid by Ditmer with the further understanding that Stanley would go through with his agreement.

Notwithstanding the further equities which clearly appear in favor of the Ditmers on this record, we are at loss to find their damage, measured in terms which would permit the trial court to require further money finding in their favor.

It does not appear from the record that there was any equity in the farm because when sold at public auction it brought only approximately the amount of the first mortgage plus interest. The trial court could not require any damages to be awarded because of representations that the Northwestern, would not require its payments to be made according to the terms of its mortgage. The amount of the Yan-

tis note was understood by the Ditmers and was due and owing.

The improvements made by the Ditmers on the real estate became a part thereon and we do not know how we could apportion the share of the damage which should be allocated against any of the defendants. Finally, the note secured by the chattel mortgage was ordered returned to the Ditmers.

The judgment of the trial court will, therefore, be reversed and remanded.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.